**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ALBERT WALKER,

                Plaintiff,

v.                                        CIVIL ACTION NO.  2:06-cv-00634

THE FAMILY MEDICINE CENTER
OF CHARLESTON, et al.,

                Defendants.


**MEMORANDUM OPINION AND ORDER**

      Pending before the court is the Family Medicine Center of Charleston's Motion to Dismiss

for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket

3].  The plaintiff did not respond to this motion.

**I.**      **Factual Background**

      This is the plaintiff's third attempt to bring a cognizable claim against the Family Medicine

Center of Charleston ("FMCC"). On November 30, 2005, this court dismissed the plaintiff's initial

complaint against FMCC because, as a private entity, FMCC is not subject to claims brought

pursuant to 42 U.S.C. § 1983.

      After granting plaintiff leave to amend his initial complaint, he asserted state law tort claims

against FMCC. Plaintiff alleged that upon presentation of a legitimate prescription for the drug

Oxycontin to a pharmacist at the Big Bear pharmacy in Charleston, the pharmacist contacted the

FMCC to inquire whether the prescription had been forged. Plaintiff asserted that an unidentified

FMCC employee advised the pharmacist that the prescription had been forged. The pharmacist then

contacted the Charleston Police Department resulting in the arrest and detainment of Mr. Walker on charges of forgery and uttering. Based on these alleged facts, plaintiff asserted claims against FMCC acting through its employees for negligent and reckless acts resulting in various damages to Mr. Walker.

In addition,  Mr. Walker alleged that the City of Charleston violated his constitutional rights when its police officers wrongfully arrested him and then charged him with forgery and uttering. Mr. Walker alleged that the city's police officers wrongfully arrested him because they negligently investigated supposedly reckless allegations made by an FMCC employee that Mr. Walker had forged his prescription for Oxycontin.  As a result, Mr. Walker argued that the City of Charleston was vicariously liable for the deprivation of his constitutional rights resulting from his allegedly unlawful arrest.

Defendants moved to dismiss the plaintiff's first amended complaint. On June 1, 2006, this court granted dismissal as to both the City of Charleston and  FMCC. The court dismissed as to the City of Charleston because the plaintiff's complaint did not specifically aver that the City's policies or customs resulted in Mr. Walker's arrest as is required to bring suit against a municipality pursuant to § 1983. Because the court dismissed the federal question claims against the city, the court declined to exercise supplemental jurisdiction over the plaintiff's state law tort claims against FMCC.

On June 22, 2006, Mr. Walker filed an action against FMCC and John Doe, M.D., in the Circuit Court of Kanawha County, West Virginia. With respect to the claims against FMCC, the complaint is very similar in content to the plaintiff's first amended complaint. The complaint seems to assert only state law tort claims against the defendants. On August 14, 2006, FMCC timely

removed the action to this court. On August 29, 2006, FMCC filed this motion to dismiss and plaintiff did not respond.

## II.     Standard of Review

To decide a motion to dismiss, the allegations of the complaint are taken as true and dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).  Dismissal is proper only when no set of facts can be proven to support the complaint's allegations.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To make this determination, the court will view the complaint in the light most favorable to the plaintiff. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

## III.     Analysis

FMCC asserts that the court should dismiss this case because the plaintiff cannot bring a § 1983 action against a private entity such as FMCC.  Because plaintiff alleges that FMCC's employee's statements to the pharmacist and the police were a cause of his alleged unlawful detention and imprisonment and his resulting loss of "various constitutional and civil rights," FMCC argues that plaintiff is attempting to bring § 1983 claims. FMCC asserts, therefore, that dismissal of such claims is appropriate because § 1983 claims may only be brought against state actors and not private entities. Moreover, FMCC asserts that it is entitled to absolute witness immunity as to the plaintiff's tort claims because its employee's  statements in this case constituted cooperation of a witness in a criminal investigation. Consequently, FMCC argues that all of its statements are privileged and cannot form the basis for a cause of action for defamation.

A defendant may remove any civil action, brought in a state court, in which the district court has original jurisdiction.  28 U.S.C. § 1441(a).  Removal of a state action without regard to the

-3-

citizenship of the parties is appropriate if the suit is founded on a claim or right arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *McCallister v. Purdue Pharma*, 164 F. Supp. 2d 783, 788 (S.D. W. Va. 2001). It is incumbent upon the court to construe in strict fashion all matters relating to removal jurisdiction. Consequently, if plaintiff's complaint is susceptible of two readings, the more appropriate interpretation is one that defers to the state tribunal. This result is further buttressed by the long-settled rule that "A case arises under the laws of the United States within § 1331 only if it is apparent from the face of a well-pleaded complaint that the plaintiff's cause of action was created by federal law[.]"  *Lilly v. Town of Clendenin*, 2005 U.S. Dist. LEXIS 34069 (S.D. W. Va. 2005) (quoting *Mid. Atl. Med. Servs. v. Sereboff*, 407 F.3d 212, 218 n.5 (4th Cir. 2005).

A federal question is raised when the plaintiff's well-pleaded complaint (1) establishes either that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  The fact that a complaint mentions, or even incorporates a federal law, does not determine whether it "arises under" the Constitution, laws or treaties of the United States.  *Stephens v. Cowles Media Co.*, 995 F. Supp. 974, 977 (D. Minn. 1997) (citing *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310 (3d Cir. 1994); *Shannon v. MTA Metro-North RR*, 952 F. Supp. 177, 178 (S.D.N.Y 1997).

Here, the plaintiff's complaint does not, on its face, rely upon federal law, nor does it present a substantial federal question. First, the complaint's references to Mr. Walker's loss of "various constitutional and civil rights" do not create the basis for his cause of action. (Pl. Compl. ¶ 13.)

Rather, those references merely indicate some of the alleged damages suffered as a result of the defendants' allegedly reckless statements to the pharmacist.

Second, determining the plaintiff's right to relief does not require resolution of a substantial question of federal law. Rather, whether the plaintiff is entitled to relief depends on the court's interpretation of whether the plaintiff's complaint has made out a colorable claim under West Virginia tort law.  It is settled law in this court that "[f]ederal question jurisdiction cannot exist when the basic issues require interpretations of state statutory and constitutional provisions." *Anziulewicz v. Bluefield Community Hosp., Inc.*, 531 F. Supp. 49, 53 (S.D. W. Va. 1981).

While it is true that any claims for breach of constitutional rights committed by persons acting under color of state law can only be brought pursuant to 42 U.S.C. § 1983, the court does not read the plaintiff's complaint to contain a § 1983 claim nor any other federal claim .  *See Nida v. Zarc Int'l, Inc.*, 93 F. Supp. 2d 725, 727 n.2 (S.D. W. Va. 2000). After reviewing the pleadings, it appears to the court that the plaintiff has attempted to bring claims sounding in negligence and defamation. If the complaint contains any claims for which relief can be granted, the court **FINDS** that those claims arise under state tort law. This court, therefore, has no jurisdiction to hear this case because no diversity exists between these parties nor does the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Because the court lacks subject matter jurisdiction over this case, the court **DENIES** the defendant's motion to dismiss and **REMANDS** the case to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 18, 2007

JOSEPH  R.  GOODWIN
UNITED STATES DISTRICT JUDGE